UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-04021-SLD-JEH |
| | ) |
| ESTATE OF ELSIE I. WATSON, DECEASED; SUSAN SOLLENBERGER; SANDRA SHAMBAUGH; GARY WATSON; LARRY WATSON; THOMAS WATSON; JUDITH ECHELBERGER; DEBORAH WELCH; JAMIE THENO; KENDRA KOHLMEYER; JAMIE HOLLADAY; JUSTIN WATSON; TRAVIS WATSON; UNKNOWN OWNERS, INCLUDING UNKNOWN HEIRS AND LEGATEES OF ELSIE I. WATSON, DECEASED; UNKNOWN CLAIMANTS AND LIENHOLDERS AGAINST THE ESTATE OF ELSIE I. WATSON, DECEASED; UNKNOWN CLAIMANTS AND LIENHOLDERS AGAINST THE UNKNOWN HEIRS AND DEVISEES OF ELSIE I. WATSON, DECEASED; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; UNKNOWN TENANTS; and JOHN P. BROWN, as Special Representative to the ESTATE OF ELSIE I. WATSON, DECEASED, | ) |
| Defendants. | ) |

JUDGMENT OF FORECLOSURE

Before the Court is Plaintiff United States of America's Motion to Enter Default Judgment of Foreclosure, ECF No. 54. Pursuant to 28 U.S.C. § 2001 and for the reasons stated below, the Motion is GRANTED. After having considered the pleadings and evidence submitted, the Court makes these FINDINGS:

1

I.      JURISDICTION

1. The Defendants, the Unknown Owners, Including Unknown Heirs and Legatees of Elsie I. Watson, Deceased; Unknown Claimants and Lienholders against the Estate of Elsie I. Watson, Deceased; Unknown Claimants and Lienholders against the Unknown Heirs and Devisees of Elsie I. Watson, Deceased; Unknown Owners and Non-Record Claimants; and Unknown Tenants were served with Notice by Publication beginning on October 29, 2023 and ending on November 12, 2023, and have not filed an Answer.

Defendant-Heir Deborah Welch executed her Waiver of Service of Summons, which was filed with the Court on February 15, 2023.  Defendant-Heir Gary Watson executed his Waiver of Service of Summons, which was filed with the Court on February 15, 2023.  Defendant-Heir Judith Echelberger executed her Waiver of Service of Summons, which was filed with the Court on February 15, 2023.  Defendant-Heir Larry Watson executed his Waiver of Service of Summons, which was filed with the Court on February 15, 2023.  Defendant-Heir Sandra Shambaugh executed her Waiver of Service of Summons, which was filed with the Court on February 15, 2023.  Defendant-Heir Susan Sollenberger executed her Waiver of Service of Summons, which was filed with the Court on February 15, 2023.  Defendant-Heir Jamie Theno executed her Waiver of Service of Summons, which was filed with the Court on March 2, 2023. Defendant-Heir Kendra Kohlmeyer executed her Waiver of Service of Summons, which was filed with the Court on June 7, 2023.

Defendant-Heir Thomas Watson was served with a summons and a copy of First Amended Complaint by a Deputy United States Marshal on April 26, 2023.  Defendant-Heir Travis Watson was served with a summons and a copy of First Amended Complaint by a Deputy United States Marshal on April 26, 2023.  Defendant-Heir Jamie Holladay was served with a

summons and a copy of First Amended Complaint by a Deputy United States Marshal on June 25, 2023.

Defendant-Heir Justin Watson was served with a Notice of Publication that was advertised in *The Kewanee Star Courier*'s June 2, 2023, June 9, 2023, and June 16, 2023 editions.

None of the Defendants, *i.e.*, Susan Sollenberger; Sandra Shambaugh; Gary Watson; Larry Watson; Thomas Watson; Judith Echelberger; Deborah Welch; Jamie Theno; Kendra Kohlmeyer; Jamie Holladay; Justin Watson; Travis Watson; Unknown Owners, Including Unknown Heirs and Legatees of Elsie I. Watson, Deceased; Unknown Claimants and Lienholders against the Estate of Elsie I. Watson, Deceased; Unknown Claimants and Lienholders against the Unknown Heirs and Devisees of Elsie I. Watson, Deceased; Unknown Owners and Non-Record Claimants; and Unknown Tenants have answered or otherwise pleaded to the Complaint, First Amended Complaint, or Second Amended Complaint filed herein and consequently, are in default for their failure to so appear, answer, or otherwise plead in the time and manner provided by the Federal Rules of Civil Procedure and the Local Rules.

2. Defendant John P. Brown, who was appointed by the Circuit Court of the Fourteenth Judicial Circuit, Henry County, Illinois in Case No. 2023CH8 on September 19, 2023, as Special Representative of the Estate of Elsie I. Watson, Deceased, returned his executed Waiver of Service of Summons, which was filed with the Court on October 3, 2023, and does not deny the allegations in the Second Amended Complaint filed in this cause.

3. The Special Representative has completed the requirements of his appointment and has reported that there do not appear to be any viable defenses to this foreclosure proceeding and to this requested judgment of foreclosure.

4. The Special Representative filed his Report of Special Representative and Motion for Discharge pertaining to the services rendered in this foreclosure on January 3, 2024, in the Circuit Court of the Fourteenth Judicial Circuit, Henry County, Illinois in Case No. 2023CH8.

5. The Fourteenth Judicial Circuit Court entered an Order Approving the Special Representative's Report and Discharging the Special Representative on February 6, 2024.

6. No fact in the Second Amended Complaint is controverted; and the prescribed affidavit has been filed setting forth that Defendants are not in the military service; and no objection has been made to said Motion or Affidavits.

## II. EVIDENTIARY FINDINGS

1. This Court, after having reviewed the submitted Report of the Special Representative, finds that the Special Representative has completed the requirements of his appointment for the purposes of this foreclosure case and has reported that there do not appear to be any viable defenses to the foreclosure.

2. Summary judgment is entered against Defendant John P. Brown in his capacity as court-appointed Special Representative.

3. This Court, after having hereby entered summary judgment against the Special Representative hereby approves the Special Representative's submitted fees in the amount of $500.00. This fee shall be paid to the Special Representative by Plaintiff and said fee shall be added to and become part of the monetary amount of this judgment entered in favor of Plaintiff.

4. The Special Representative has satisfied the requirements of his appointment including the requirements pertaining to the Special Representative's responsibility to represent the named decedent Defendant and said decedent's Estate in this foreclosure proceeding and this Court

knows of no reason or basis for the Special Representative to provide further services on behalf of either said decedent Defendant or said decedent's Estate in this foreclosure proceeding.

5. Default is hereby entered against the remaining above-named Defendants for their failure to appear, answer, or otherwise plead in this cause in the time and manner provided by the Federal Rules of Civil Procedure and the Local Rules. The Court specifically finds, pursuant to 50 U.S.C. § 3931, that none of the named individual Defendants are in the military service.

6. The material factual allegations stated in the Second Amended Complaint filed herein have not been denied in any responsive pleading.

7. Plaintiff has filed a motion that the court enter a Default Judgment of Foreclosure in this cause and has filed with said Motion a Declaration explaining the $59,393.26 sought in this Proposed Judgment of Foreclosure against Defendant-Mortgagor Estate of Elsie I. Watson, Deceased by Meleah L. Smith, Housing Program Director, Rural Development, dated February 8, 2024, setting forth that as of February 7, 2024, there was due Plaintiff under the Note and Mortgage hereinafter described the sum of $53,620.72 (exclusive of foreclosure costs) and no objection being made to said Motion or Declaration of said Motion, said Motion is allowed and the Declaration admitted into evidence in this case.

8. That the following are names of persons that may have claimed an interest in the below-described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: Defendants, *i.e.*, Susan Sollenberger; Sandra Shambaugh; Gary Watson; Larry Watson; Thomas Watson; Judith Echelberger; Deborah Welch; Jamie Theno; Kendra Kohlmeyer; Jamie Holladay; Justin Watson; Travis Watson; Unknown Owners, Including Unknown Heirs and Legatees of Elsie I. Watson, Deceased; Unknown Claimants and Lienholders against the Estate of Elsie I. Watson, Deceased; Unknown Claimants and

Lienholders against the Unknown Heirs and Devisees of Elsie I. Watson, Deceased; Unknown Owners and Non-Record Claimants; and Unknown Tenants for their failure to appear, answer, or otherwise plead in the time and manner as provided by the Federal Rules of Civil Procedure and the Local Rules.

9. That all of the material allegations contained in the Second Amended Complaint are true and that by virtue of the mortgage and indebtedness thereby secured, Plaintiff has a valid and subsisting lien arising out of a real estate mortgage on the property described as follows:

> A portion of Block 27 in Gould's Addition to the Town, now Village of Cambridge, described as follows: Beginning 50 feet West of the Northeast corner of that part of said Block 27 lying South of Center Street, running thence West along the South line of said Center Street 60 feet, thence South 165 feet to the Center (North and South) of said block lying South of said Center Street, thence East 60 feet, thence North 165 feet to the Place of Beginning, situated in the County of Henry and the State of Illinois.
>
> Property Tax #: 18-07-429-005
>
> Common address or location of mortgaged premises: 312 E. Center Street, Cambridge,

Illinois 61238; and the improvements on said premises to include a single-family residence.

10. That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the Second Amended Complaint, there is due Plaintiff as follows:

   a. For its own use and benefit for the costs of this suit and for:

| | |
|---|---:|
| Complaint | $ 400.00 |
| Recording Notice of Foreclosure | $ 58.00 |
| Publishing Costs (Justin Watson) | $ 1,607.50 |
| Publishing Costs (Special Representative) | $ 3,062.80 |
| USMS Summons Service Fees | $ 455.00 |
| USMS Summons Mileage Costs | $ 181.24 |
| USMS Forwarding Fee | $ 8.00 |
| TOTAL | $ 5,772.54 |

b. Unpaid principal and interest:

| | |
|---|---:|
| Unpaid balance of principal | $ 28,177.16 |
| Accrued interest through 2/7/2024 | $ 6,784.52 |
| Interest on Fees | $ 1,643.05 |
| Fees Assessed* (see breakdown below) | $ 17,015.99 |
| *Title Search ($525.00); NSF Fee ($15.00); Caretaker fees ($5,975.00); Special Representative ($500.00); Utilities ($1,045.53); and Negative Escrow ($8,955.46) | |
| TOTAL amount due Plaintiff as of 2/7/2024 (exclusive of foreclosure costs) | $ 53,620.72 |

c. In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes, a title insurance policy and fees, charges, and expenses provided by law incurred by or owing to the United States Marshal, including such fees and expenses relating to the judicial sale as required by this judgment of foreclosure.

d. Under the terms of the mortgage, all such advances, costs and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage or, if no rate, from the date on which such advances are made.

e. In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments, which have been or may be levied upon the mortgaged real estate.

    f. In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

    g. Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

11. That the present owner of the above-described real estate is: Estate of Elsie I. Watson, Deceased.

12. That Henry County, Illinois, has a valid lien on the above-described property for taxes for the year 2023, and for the tax years thereafter and any special assessments, if any, and the property will be sold subject to the interest of Henry County, resulting from taxes, general or special, which are a valid lien against the above-described property.

13. In this foreclosure of a mortgage of residential real estate, this Court declares and finds that the above-described mortgaged real estate has been abandoned; the redemption period pursuant to 735 ILCS 5/15-1603(b)(4) shall end thirty (30) days after entry of this judgment of foreclosure and that no reinstatement period shall extend beyond the 30th day after entry of this same judgment of foreclosure.

14. In this case, the period of reinstatement expired on September 14, 2023, being ninety days after the final publication of the Notice of Publication against Defendant-Heir Justin Watson in *The Kewanee Star Courier*'s June 16, 2023 edition.

15. By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by Plaintiff or other persons having such power, of

a right or power to declare immediately due and payable the whole of all indebtedness secured by the mortgage.

16. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

17. Any and all periods of grace or other periods of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

18. All lien or mortgage claimants defaulted are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of said interest.

19. Said real estate is free and clear of all liens and encumbrances except:

    a. General real estate taxes for the years 2023 and thereafter and special assessments, if any.

    b. Said mortgage given to Plaintiff.

    c. Easements and restrictions of record.

20. Plaintiff's said mortgage is prior and superior to all other mortgages, claims of interest, and liens upon said real estate except for real estate taxes and special assessments, if any, and except for any mortgages or liens found herein to be prior and superior to Plaintiff's mortgage or prior liens of non-parties.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

**III.     ORDER UPON DEEMED REQUEST FOR FORECLOSURE**

1. An accounting has been taken under the direction of the Court of the amounts due and owing to Plaintiff as declared herein.

    a. The Special Representative's requested fees for $500.00 is declared reasonable and is awarded to the Special Representative.  This fee shall be paid to the Special

Representative by Plaintiff and said fee shall be added to and become part of the monetary amount of this judgment entered in favor of Plaintiff.

b.  The Special Representative has satisfied the requirements of his appointment including the requirements pertaining to the Special Representative's responsibility to represent the named decedent Defendant and said decedent's Estate in this foreclosure proceeding and this Court knows of no reason or basis for the Special Representative to provide further services on behalf of either said decedent Defendant or said decedent's Estate in this foreclosure proceeding.

2.  Defendants are ordered to pay Plaintiff before expiration of any redemption period whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings to the extent provided in the mortgage or by law.

3.  In default of such payment in accordance with this judgment, the mortgaged real estate shall be sold as directed by the Court, to satisfy the amount due to Plaintiff as set forth in this judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment.

4.  In the event Plaintiff is a purchaser of the mortgaged real estate at such sale, Plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for the foreclosure and order confirming the sale.

5.  In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, Defendants made parties to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or

under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

   6.  If no redemption is made prior to such sale, a deed shall be issued to the purchaser thereat according to law and such purchaser shall be let into possession of the mortgaged real estate in accordance with statutory provisions.

IV.   **ORDER UPON SPECIAL MATTERS**

   1.  Exceptions to which title in the real estate shall be subject at the sale shall include all applicable general real estate taxes including those which have not become due and payable as of the date of this judgment and any special assessments upon the real estate and easements and restrictions of record.

   2.  In the event any party to this foreclosure is a successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate all amounts due such party under this judgment of foreclosure or the order confirming the sale.

   3.  Said property is being sold at this judicial sale "AS IS" WITHOUT ANY WARRANTIES OF HABITABILITY OR ANY OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED.

V.   **ORDER FOR JUDICIAL SALE**

   1.  The real estate is ordered sold in accordance with the statutory provision by the United States Marshal or his representative.

   2.  After expiration of the redemption and reinstatement periods, the real estate shall be sold by the United States Marshal for the Central District of Illinois at the front door of the Henry County Courthouse in the City of Cambridge, Illinois, at the time announced by the United States Marshal as provided hereinbelow subject to easements and restrictions of record and taxes,

general or special, due and owing to Henry County, Illinois, in addition to the real estate transfer tax, 35 ILCS 200/31, shall be paid by buyer(s). Said property shall be sold to the highest bidder who shall pay ten percent (10%) of the bid purchase price at the time and place of sale by Cashier's/Official Bank Check payable to the United States Marshals Service and tendered to the United States Marshal conducting the sale. The balance of the bid purchase price shall be paid by Cashier's/Official Bank Check made payable to the United States Marshals Service and received by the United States Marshal at 100 N.E. Monroe Street, Room 42, Peoria, IL 61602, within thirty (30) days of date of said sale. If the balance is not received within said time period, the ten percent (10%) payment made at time of sale shall be forfeited to the United States, the sale shall be void, and a new sale shall be scheduled by the Court. No evidence of title will be provided.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States Marshal for the Central District of Illinois give public notice of the sale as follows:

    a. The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

        i. The name, address and telephone number of the person to contact for information regarding the real estate;

        ii. The common address and other common description (other than legal description), if any, of the real estate;

        iii. A legal description of the real estate sufficient to identify it with reasonable certainty;

        iv. A description of the improvements on the real estate;

     v.   The real estate may be inspected prior to sale upon making reasonable arrangements with the person identified in paragraph (i) above;

    vi.   The time and place of the sale;

   vii.   The terms of the sale;

  viii.   The case title, case number, and court in which the foreclosure was filed; and

    ix.   No other information is required.

b.  The notice of sale shall be published at least four consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than thirty-five days prior to the sale, the last such notice to be published not less than seven days prior to the sale, by:

     i.   An advertisement in a newspaper regularly issued and of general circulation to the general public in the county in which the real estate is located in the section of that newspaper where legal notices are commonly placed; and

    ii.   No other publication shall be required.

c.  The party who gives notice of public sale shall also give notice to all parties in the action who have not heretofore been found by the Court to be in default for failure to plead.  Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than twenty-eight days nor less than seven days prior to the day of sale.  After notice is given as required in this section, a copy thereof shall be filed in the Office of the Clerk of Court of the Central District of Illinois together with a certificate of counsel or other proof that notice has been served in compliance with this section.

    d.  The party who gives notice of a public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than thirty days after the last scheduled sale, notice of any adjourned sale need be given only once, not less than five days prior to the day of the adjourned sale.

    e.  Notice of the sale may be given prior to the expiration of the redemption period.

    f.  No other notice by publication or posting shall be necessary.

    g.  The person named in the notice of sale to be contacted for information about the real estate shall not be required to provide additional information other than that set forth in the notice of sale.

3. Division of Property. If the real estate is susceptible of division, the person conducting the sale may order it to be sold as necessary to satisfy this judgment. The person conducting the sale shall determine which real estate shall be sold and the person conducting the sale may determine the order in which separate tracts may be sold.

## VI. TRANSFER OF TITLE

1. Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

2. Delivery of the deed executed on sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

## VII.   APPLICATION OF PROCEEDS

The proceeds from the sale ordered herein shall be applied in the following order:

1. The reasonable expenses of sale;

2. The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, management fees, and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, payments made pursuant to 735 ILCS 5/15-1505 and other legal expenses incurred by the mortgagee;

3. Satisfaction of claims in order of priority adjudicated in this judgment of foreclosure; and

4. Remittance of any surplus to the mortgagor or as otherwise directed by the Court.

## VIII.   REDEMPTION – RESIDENTIAL

1. Only the owner of redemption may redeem from this foreclosure, and such owner of redemption may redeem only during the redemption period specified herein.

2. This is a foreclosure of a mortgage of residential real estate.

3. The amount required to redeem shall consist of the Total Balance Due as declared above plus interest thereon at the statutory rate hereafter and all additional costs and other expenses allowed by the Court.

4. In this foreclosure of a mortgage of residential real estate, this Court declares and finds that the above-described mortgaged real estate has been abandoned; the redemption period

pursuant to 735 ILCS 5/15-1603(b)(4) shall end thirty (30) days after entry of this judgment of foreclosure and that no reinstatement period shall extend beyond the 30th day after entry of this same judgment of foreclosure.

5. In this case, the period of reinstatement expired on September 14, 2023, being ninety days after the final publication of the Notice of Publication against Defendant-Heir Justin Watson in *The Kewanee Star Courier*'s June 16, 2023 edition.

### IX. OTHER MATTERS

1. Possession. The purchaser of the foreclosed property shall be given possession effective immediately upon approval of the judicial sale of this real estate in compliance with 735 ILCS 5/15-1701(c)(1).

2. Report of Sale. The person conducting the sale shall file a report of sale with the Clerk of Court specifying the amount of proceeds of sale realized and the disposition thereof.

3. Homestead Waiver. Defendant-Mortgagor waived her right to homestead or other exemptions in said real estate in the body of said mortgage, which was duly signed and acknowledged, and said Defendant-Mortgagor is deceased.

4. That there is no deficiency judgment to be ordered against the Defendant-Mortgagor, the Estate of Elsie I. Watson, Deceased.

Entered this 17th day of April, 2024.

                                              s/ Sara Darrow
                                              SARA DARROW
                                   CHIEF UNITED STATES DISTRICT JUDGE